UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>   Plaintiff,<br><br>v.<br><br>**COMPLETE MAINTENANCE, INC.**<br><br>   Defendant. | **CIVIL ACTION NO:**<br><br>**SECTION:**<br><br>**MAG.**<br><br>**JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), and files its Complaint and Jury Demand. The EEOC respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Marciana Seren ("Ms. Seren"), who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1), (3), and 706(g), as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), and (g), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this district. 42 U.S.C. § 2000e-5(f) (3). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(5)(1) and (3).

4.

At all relevant times, Defendant, Complete Maintenance, Inc., ("Defendant" or "Complete Maintenance"), has continuously been a Texas corporation doing business in the State of Louisiana and the city of New Orleans, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.

More than thirty days prior to the institution of this lawsuit, Ms. Seren filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant.

7.

Since at least November 9, 2009, Defendant has engaged in unlawful employment practices in Louisiana, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a).

8.

The EEOC provided notice to Defendant of the charge of discrimination.

9.

The EEOC investigated the charge of discrimination.

10.

Based on evidence discovered during the investigation, the EEOC issued a Letter of Determination ("Determination") to Defendant on July 9, 2014, finding reasonable cause to believe that Defendant had engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964.

11.

The Commission's Determination included an invitation that Defendant join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

12.

The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, Defendant declined to participate in the conciliation process.

13.

Given Defendant's express unwillingness to participate in the conciliation process, the Commission sent Defendant on December 12, 2014 a Notice of Conciliation Failure.

14.

All conditions precedent to the institution of this lawsuit have been fulfilled.

15.

Defendant is a commercial janitorial service domiciled in Texas.

16.

Defendant's housekeeping employees clean retail stores under contracts between the retail store and Complete Maintenance.

17.

In November 2008, Defendant hired Ms. Seren as a Cleaner.

18.

Ms. Seren's job duties included cleaning various stores with which Defendant had contracts.

19.

On or about November 9, 2009, while working for Defendant at a TJ Maxx store in New Orleans, Louisiana, Ms. Seren was sexually assaulted by Alvaro Picardo ("Picardo"), a Defendant supervisor. This incident shall herein be referred to as the "sexual assault." During the sexual assault, Picardo subjected Ms. Seren to unwanted touching of her body and attempted to rape her.

20.

At all times relevant, Picardo was Ms. Seren's immediate supervisor and had direct authority to hire and fire her.

21.

During or immediately after the assault, Picardo threatened Ms. Seren that if she told anyone about the assault, he would find her children and kill them.

22.

Ms. Seren returned to the TJ Maxx store on November 10, 2009, and told a TJ Maxx manager about the assault. She was scheduled to work for Defendant at TJ Maxx that day and at the time of her complaint, to her knowledge no Defendant employees were on site at the TJ Maxx store.

23.

With the assistance of a TJ Maxx store employee, Ms. Seren reported the sexual assault to the police. On November 10, 2009, Ms. Seren filed a police report with the Jefferson Parish Sherriff's Office ("JPSO").

24.

Because Ms. Seren speaks very little English, a translator assisted in narrating her account of the sexual assault to the police officers who took the report referred to in Paragraph 23 above.

25.

The JPSO contacted Defendant on November 10, 2009, to investigate Ms. Seren's sexual assault complaint.

26.

Defendant failed to take any action against Picardo as a result of or in connection with the allegation of the sexual assault.

27.

Within a few days after the assault, Defendant knowingly allowed Picardo to travel outside the state of Louisiana, on company business, and attend a work-related meeting in Fort Worth, Texas.

28.

Picardo never returned to work in Louisiana for Defendant after the meeting in Fort Worth, Texas, and Defendant had no further contact or communication with him.

29.

Defendant is vicariously liable for Picardo's sexual assault of Ms. Seren.

30.

Picardo's sexual assault of Ms. Seren was severe and/or pervasive. The sexual assault was unwelcome and altered the terms, conditions, and/or privileges of Ms. Seren's employment.

31.

Once Defendant knew of Picardo's discriminatory acts and his creation of a sexually hostile work environment, Defendant failed to take steps to repudiate the sexual assault or to prevent future conduct of a similar nature.

32.

Defendant failed to exercise reasonable care to prevent and promptly correct sexual harassment in its workplace.  At the time of the assault, Defendant did not have a written policy concerning sexual harassment.  Before the sexual assault, Defendant had never trained Picardo concerning sexual harassment and had never provided him with any policies or other written guidance concerning sexual harassment.

33.

As a result of Defendant's actions, Ms. Seren suffered significant harm.

34.

The effects of the unlawful practices complained of in Paragraphs 19 through 33 above have been to deprive Ms. Seren of equal employment opportunities because of sex under Title VII of the Civil Rights Act of 1964, *as amended.*

35.

The unlawful practices complained of in Paragraphs 19 through 33 above were intentional.

36.

The unlawful practices complained of in Paragraphs 19 through 33 above were done with malice or reckless indifference to the federally protected rights of Ms. Seren.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successor, assigns, and all persons in active concert or participation with it, from engaging in unlawful sex discrimination, particularly sexual harassment, of employees or applicants for employment;

B. Order Defendant to institute and carry out policies and procedures which safeguard all employees, regardless of sex, against unlawful sexual harassment, provide equal employment opportunities for all individuals, and which will eradicate the effects of its past and present unlawful employment practices, including but not limited to: training of personnel and reporting to the Commission concerning compliance with Title VII;

C. Order Defendant to make Ms. Seren whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial, and by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful practices;

D. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

E. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest; and

F.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Houston District Office
1919 Smith Street, 6th Floor
Houston, Texas, 77002
Direct Line: (713) 651-4963
james.sacher@eeoc.gov

/s/ Gregory T. Juge
**GREGORY T. JUGE**
Supervisory Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA  70130
Direct line: (504) 676-8239
Fax: (504) 595-2886
gregory.juge@eeoc.gov

/s/Michelle T. Butler
**MICHELLE T. BUTLER**
Senior Trial Attorney
La. Bar Roll No. 01286
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA  70130
Direct line: (504) 595-2872
Fax: (504) 595-2886
michelle.butler@eeoc.gov

/s/ Claudia Molina-Antanaitis
**CLAUDIA MOLINA-ANTANAITIS -TA**
Senior Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1919 Smith Street, Suite 600
Houston, Texas 77002
(713) 651-4952
(713) 651-7995 [facsimile]
claudia.molina@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR
SERVICE OF PROCESS**:

BUSINESS FILINGS INTERNATIONAL, INC.
5615 CORPORATE BLVD.
SUITE 400B
BATON ROUGE, LA 70808